LOCAL 1575, INTERNATIONAL LONG-SHOREMEN ASSOCIATION AFL–CIO, Plaintiffs,

v.

NPR, INC. and Sealand Service, Inc., Defendants.

Civ. No. 00–1512(JAG).

United States District Court, D. Puerto Rico.

Aug. 14, 2003.

Alberto De–Diego–Collar, Melendez Perez, Moran & Santiago, San Juan, PR, for plaintiff.

Rafael Cuevas–Kuinlam, Arturo Luciano–Delgado, San Juan, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the court is a request by petitioners Jorge Bringuier, Raul Rivera,

and Francisco Diaz ("Petitioners"), in their official capacity and as trustees and members of the Board of Directors of the Royalty Fund Mechanized Cargo–Local 1575 ILA ("Fund") to intervene as plaintiffs (Docket No. 44) and to set aside the final judgment entered by this Court in the matter of *Local 1575, International Longshoremen ("Union") v. NPR, Inc. and Sealand Services, Inc.* ("Employers")(Docket No. 36). Based on the discussion below, this Court **DENIES** the petitioners' motions requesting intervention and relief from judgment.

### Factual Background

The Union, which is a labor organization consisting of defendant's employees, filed a complaint against Employers on May 1, 2000, seeking a declaratory judgment for breach of an existing trust agreement and requesting specific performance (Docket No. 1). Jurisdiction was based on § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. 185, which encompasses any action or proceeding arising under any act of Congress relating to commerce for breach of contract and for specific performance between the parties. The original trust agreement of 1976 required that the trust consist of four (4) representatives (two (2) representatives each from employees and employers)(Docket No. 53). The agreement was amended in March of 1993 to require six (6) representatives three (three (3) representatives each from employers and employees) (Exhibit 11). By April of 2000 the trust fund consisted of three (3) employee and one (1) employer representative, creating an incomplete quorum. The incomplete quorum was not in compliance with the trust agreement, and the trust was unable to function properly. The Union thus brought suit against the Employers demanding that they appoint the remaining two (2) employer representatives needed to comply with the trust agreement. (Docket No. 1).

The Union and Employers then entered into a settlement agreement on March 24, 2003, where the Employers agreed to appoint the remaining representatives in order to complete the quorum, and the parties negotiated to lower the number of representatives in the committee (Docket No. 33). The

agreement was subsequently approved by this court, and judgment was entered on March 26, 2003. Accordingly, the case was dismissed with prejudice. (Docket No. 33–35).

On April 8, 2003 the Petitioners (consisting of two employee trustee representatives and the sole employer representative) filed a motion for relief from judgment under Fed. R.Civ.P. 60(b) (Docket No. 36). The Petitioners argue that the settlement was reached under fraudulent circumstances because Mr. Padilla (who is the president of the trust fund and the third employee representative) did not have the authority to enter into a settlement agreement with the defendant Employers. Petitioners allege that such a decision must be made by a majority vote within the committee, and that no such vote was conducted. Furthermore, Petitioners claim that Mr. Padilla not only lacked authorization, but that he intentionally kept information from the trustee committee and the Court in order to benefit his own interests. The Petitioners then filed, on May 12, 2003, a Rule 24(b) motion to intervene as plaintiffs (Docket No. 44).

### Discussion

#### I. Motion to Set Aside the Judgment

The Petitioners contend that the final judgment entered on March 26, 2003 should be set aside because it was based on a settlement agreement obtained under fraudulent conduct. Rule 60 of the Federal Rules of Civil Procedure governs when relief from judgment may be granted by the court. In pertinent part the rule states that:

> "On motion and on such terms that are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (3) Fraud (whether heretofore denominated to as extrinsic or intrinsic), misrepresentation, or other misconduct from an adverse party." FED. R.CIV.P. 60(b).

The moving party has the burden of demonstrating, by clear and convincing evidence, that the alleged misconduct, fraud, or misrepresentation occurred and that the mis-

conduct impaired the moving party's ability and opportunity to prepare or present its case in a fair manner. *Anderson v. Cryovac,* 862 F.2d 910, 923 (1st Cir.1988).

## A. Standing

■ The Petitioners lack the necessary standing in order to invoke relief from judgment in the case at hand. The rule clearly states that a "party or a party's legal representative" may seek relief of a final judgment. The Petitioners, according to their own motions and exhibits (Docket No. 36, Exhibit 16), admit to having delegated the filing of this case to the Union; consequently, the Petitioners are neither a party nor legal representatives in this case.

■ Furthermore, the moving party has the burden of demonstrating that the alleged misconduct substantially interfered with his/her ability to fully and fairly prepare or present his/her case. *Anderson,* 862 F.2d at 926. The moving party must show that it has been harmed by the conduct. *Id.* at 924. The Petitioners were not a party in the original suit, therefore, their ability to present the case in a "full and fair" manner could not have been affected. Simply put, the Petitioners do not have standing.

## B. Fraud, Misrepresentation, or Misconduct

■ In addition, the Petitioners have failed to produce clear and convincing evidence demonstrating that fraud, misconduct, or misrepresentation occurred. In order to show clear and convincing evidence of fraud the evidence on record must show a "colorable claim of fraud." *Pearson v. First NH Mortg. Corp.,* 200 F.3d 30, 35 (1st Cir.1999). Statements not supported by formal findings of facts are not considered clear and convincing evidence. *AccuSoft Corp. v. Palo,* 237 F.3d 31, 50 (1st Cir.2001).

■ The Petitioners allege that Mr. Padilla used his position as President of the union and of the trust to advance his own claim (a RICO Act claim filed by Padilla in 2000–2001), that he deliberately kept information from the committee, and that he was not authorized to sign the settlement agreement.

None of the exhibits submitted on record support the allegations that Mr. Padilla attempted to use his position as President to advance his own interests, nor does the record demonstrate that Mr. Padilla deliberately kept information from the Petitioners.

Moreover, the Petitioners fail to support their allegation that Mr. Padilla lacked the authorization to sign the settlement agreement. There is no evidence on record showing that the Union ever revoked or even contested Mr. Padilla's authorization to settle on their behalf. The Petitioners did submit into evidence a letter addressed to Mr. Padilla from the Fund representatives (Petitioners), stating that they had revoked Mr. Padilla's authority in representing the *Fund's* interests and requesting Mr. Padilla to refrain from addressing the court on the matters of this case (emphasis added)(Docket 36, Exhibit 16). As previously discussed, the *Union* is the party of interest in this case and *not* the Petitioners or the Fund; hence, nothing on record, including this letter, supports the Petitioners claim.

## II. Motion to Intervene

According to Rule 24(b) Fed.R.Civ.P. a party may intervene in an action when 1) a U.S. statute confers a conditional right to intervene; or 2) the applicant seeking intervention has a claim or defense that shares a common question of fact or law as the main action. Furthermore, the court shall consider if the intervention will unduly delay or prejudice the adjudication of the rights of the original party.

■ The Petitioners claim that intervention is permissible because they share a common question of fact or law with the original action (Docket No. 44). According to the record, the Petitioners have not only failed to present a common question of law or fact, but they also have failed to present any legal interest that is entitled to protection. The Petitioners argue that their legal interests are affected by the trustee reduction clause in the settlement agreement, because it is at odds with the March 26, 1993 amendment, specifying that there be six (6) trustee representatives (three (3) representatives for both the employers and employees). They also

claim that Mr. Padilla signed the settlement agreement without their consent and that the trustees are authorized to initiate legal actions pertaining to the trust (Docket No. 44).

## A. Legal Interest

According to the 1993 trust agreement, trustees are appointed to serve for a term of three years unless death, resignation, or removal occurs. The trust agreement specifically states that, "Each trustee will be subject to removal according to the will of the party who appoints the same." (Exhibit 11). The clause expressly reserves the Union's right to remove or, for that matter, reduce the trustee representatives as it sees fit; hence, the trustees do not have a vested interest to protect.

Second, the Petitioners have failed to show how either their interests or the Union's interests were affected by the settlement agreement signed by Mr. Padilla. The complaint filed by the Union sought the assignment of the two remaining Employer trustees, which is exactly what the settlement agreement accomplished. The settlement agreement also contained an additional clause, which stated that the parties would agree to review the 1993 trust agreement and amend it to reduce the number of each party representative and to make it conform to prevailing Trust Law in Puerto Rico. This clause did not alter or affect the 1993 trust agreement. In fact Article VI subsection (B) of the 1993 trust agreement stipulates that the "Trust Agreement may be amended at any time and from time to time" provided that the amendment be made and authorized by two-thirds (2/3) of the trustees vote (Exhibit 11). The additional clause merely reiterates what is already in the trust agreement, rendering the Petitioners argument against the settlement agreement superfluous.

## B. Authorization to Sign

The court has already addressed the fact that the Petitioners have not established that Mr. Padilla lacked authorization to sign the settlement agreement on the Union's behalf; thus, intervention can not be obtained under this argument.

## C. Undue Delay and Prejudice

When deciding to grant a motion to intervene, the court must also consider how said intervention will affect the original parties to the suit. As discussed above, the settlement agreement accomplished what the parties sought to obtain, and granting an intervention at this stage would certainly create undue delay and prejudice for the original parties by forcing them to resume litigation and costs. None of the allegations or evidence provided by the Petitioners outweigh the delay and prejudice the original parties would be subjected to if intervention is granted.

Finally, if the Petitioners felt that they had a legitimate legal interest to protect, they should have intervened in the action at an earlier time. The Petitioners were aware of the action and chose to delegate the filing of the case to the Union. They offer no explanation as to why they did not join or intervene at an earlier time, if indeed, they did have a legitimate interest to protect. To allow the Petitioners' intervention at this stage of the proceedings would only encourage similar lackadaisical attitudes in addressing potential legal concerns.

### *Conclusion*

In light of the above analysis, the court **DENIES** the Petitioners' Rule 60(b) motion for relief from judgment (Docket No. 36). Furthermore, Petitioners do not meet the requirements for intervention established under Rule 24(b) Fed.R.Civ.P. Accordingly, the Court **DENIES** the Petitioners' motion requesting leave to intervene. All pending motions are hereby **MOOT.**

IT IS SO ORDERED.